UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES FERRY,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No. 07-cv-747-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on the Motion to Dismiss for Lack of Jurisdiction (Doc. 16) filed by Defendant the United States of America. Plaintiff has responded (Doc. 18) and Defendant has replied (Doc. 19). For the following reasons the Court GRANTS the Motion.

### BACKGROUND

The United States contends that the Court is without jurisdiction to adjudicate Ferry's complaint, brought pursuant to the Federal Tort Claims Act (FTCA), because Ferry's claim is covered under the Federal Employee Compensation Act (FECA).

### I.    Subject Matter Jurisdiction

When ruling on a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the district court must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff. *Ezekiel v. Michel*, 66 F.3d 894 (7th Cir. 1995). The court may receive and weigh evidence outside the allegations in the complaint in order to determine if it has subject matter jurisdiction over the case. *Sapperstein v. Hager*, 188 F.3d 852, 855-56. The plaintiff has the burden of proving that subject matter jurisdiction exists. *Kontos v. United States Dep't of Labor*, 826 F.2d 573, 576 (7th Cir. 1987). The determination of whether subject matter jurisdiction exists is a matter for the judge, not the

jury, even when it rests on genuinely debatable issues of fact. *Pavey v. Conley*, 528 F.3d 494, 496 (7th Cir. 2008). For purposes of resolving the instant dispute, the Court has received and weighed evidence outside the allegations in the Complaint.

## II. Facts

James Ferry, a parole agent with the Illinois Department of Corrections (IDOC), was assigned full-time to the Joint Fugitive Task Force in the Southern District of Illinois (Task Force). The Task Force was established pursuant to the Presidential Threat Protection Act of 2000[1], and was under the direction of the United States Marshals Service (Marshals Service). Ferry was specially deputized as a United States Marshal pursuant to a Special Deputation Appointment (Appointment) which, by its terms, lasted from February, 2005 to February, 2007. The terms of the Appointment and the Memorandum of Understanding (MOU) entered into between IDOC and the Marshals Service specified that the Marshals Service was responsible for the direction of the Task Force. However, the IDOC employees assigned to the Task Force remained employees of IDOC, and IDOC was responsible for their pay and benefits. The Appointment did not constitute employment of Ferry by the Marshals Service, the United States Department of Justice, or the United States Government.

On or about March 8, 2005, Task Force personnel were assigned to apprehend two

---

[1]Fugitive Apprehension Task Forces
Pub.L. 106-544, § 6, Dec. 19, 2000, 114 Stat. 2718, as amended Pub.L. 110-177, Title V, § 507, Jan. 7, 2008, 121 Stat. 2543, provided that:
"(a) In general.--The Attorney General shall, upon consultation with appropriate Department of Justice and Department of the Treasury law enforcement components, establish permanent Fugitive Apprehension Task Forces consisting of Federal, State, and local law enforcement authorities in designated regions of the United States, to be directed and coordinated by the United States Marshals Service, for the purpose of locating and apprehending fugitives.

individuals who were suspects in a series of carjackings in the East St. Louis Area. In the course of apprehending the suspects, Ferry rode in a vehicle operated by John Andrews, an agent of the federal government. The vehicle in which Ferry was riding was struck by a vehicle being operated by Sean Newlin, another agent of the federal government. As a result of the collision, Ferry suffered personal injuries, medical expenses, the inability to work, and pain and suffering. Ferry applied for and received worker's compensation benefits through his employment with IDOC from the State of Illinois.

## ANALYSIS

The Federal Employees's Compensation Act (FECA) establishes a workers's compensation program for federal employees. The Act provides:

> a) The United States shall pay compensation as specified by this subchapter for the disability or death of an employee resulting from personal injury sustained while in the performance of his duty, unless the injury or death is-
>
> (1) caused by willful misconduct of the employee;
>
> (2) caused by the employee's intention to bring about the injury or death of himself or another; or
>
> (3) proximately caused by the intoxication of the injured employee.

5 U.S.C. § 8102(a).

FECA is the exclusive remedy for injured federal employees. 5 U.S.C. § 8116(c). The district court does not have subject matter jurisdiction over any claim advanced by the employee under the Federal Tort Claims Act when FECA applies. *See Southwest Marine, Inc. v. Gizoni*, 502 U.S. 81, 112 S.Ct. 486, 493 (1991); *Ezekiel*, 66 F.3d at 898.

There are two ways in which FECA may apply to the instant action. First, by virtue of his assignment to the Task Force, Ferry may be deemed a federal employee for purposes of FECA. Second, FECA may apply to the instant action because FECA benefits are available to

nonfederal law enforcement officers who are injured while performing federal law enforcement activities.

I.  **Ferry Must be Treated as Federal Employee for Purposes of FECA**

Although, as Ferry points out, the terms of his assignment specified that he was not employed by the federal government, he may still be deemed an employee for purposes of FECA under certain situations. Of particular relevance here, 5 U.S.C. § 3374 provides:

> On request from or with the concurrence of a State or local government, and with the consent of the employee concerned, the head of a Federal agency may arrange for the assignment of an employee of a State or local government to his agency for work of mutual concern to his agency and the State or local government that he determines will be beneficial to both.
> 5 U.S.C. § 3374(a)(2).

The statute goes on to say that, for purposes of FECA, any such assigned employee injured while in the performance of his duties during the assignment "shall be treated as though he were an employee as defined by section 8101 of [FECA] who had sustained the injury in the performance of duty." 5 U.S.C. § 3374(d). Here, IDOC and the Marshals Service arranged, by written agreement and with the written consent of Ferry, for Ferry to be assigned to the Task Force as a Special Deputy United States Marshal. While in the performance of his duties as a Special Deputy United States Marshal with the Task Force, Ferry was injured. He, therefore, "shall be treated as though he were an employee" of the federal government for purposes of FECA.

II. **Ferry May be Eligible Officer for Purposes of FECA**

Even if Ferry were not deemed a federal employee for purposes of FECA, the Court would not have jurisdiction over this FTCA action because Ferry would be entitled to FECA benefits as an eligible officer.

4

5 U.S.C. § 8191 states that FECA benefits are available to law enforcement officers who are injured or killed while apprehending federal criminals or preventing federal crimes and who are not otherwise deemed federal employees. Carjacking is a federal crime, 18 U.S.C. § 2119, and Ferry, as a member of the Task Force, was assisting in the capture of the suspected carjackers. Therefore, Ferry is eligible to apply for FECA benefits.

Accordingly, FECA applies to Ferry's claim either because he is deemed a federal employee by virtue of his position as Special Deputy United States Marshal or because he is a nonfederal law enforcement officer injured while attempting to apprehend a federal criminal. The Court, therefore, lacks jurisdiction over this action.

## CONCLUSION

The Court **GRANTS** Defendant the United States of America's Motion to Dismiss for Lack of Jurisdiction (Doc. 16). The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED: December 2, 2008**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**